John Greenwood owned the tract of land in controversy, which plaintiff seek to recover in this action. He and his wife made a deed to his son, Thomas J. Greenwood, 8 November, 1886. Thomas J. Greenwood and his wife, on 14 August, 1907, made a deed to the land to W. A. Hendrix, defendant in this action. All the deeds were duly registered at the time in the register of deeds office of Wilkes County. Thomas J. Greenwood went west, returned and then went west again. The record discloses that he was married and separated from his wife, who is now dead, that he had no children and had not been heard from in years — since 1912.
Plaintiffs are grandchildren of John Greenwood, and the owners in their own right and by quit-claim deed of all the interest of the other heirs at law of John Greenwood, and, as such, claim the land in controversy. Plaintiffs contend that Thomas J. Greenwood only took a life estate in the land deeded by his father and their grandfather, and had no right to make a fee-simple title to defendant, W. A. Hendrix. That their cause of action is not barred by the statute of limitation.
The defendant, W. A. Hendrix, contends to the contrary. He claims that he made a contract to purchase the land from Thomas J. Greenwood and declined to take it on account of the ambiguous clause in the warranty clause of the deed. That Thomas J. Greenwood sued him in the Superior Court of Wilkes County. When the case was tried, the judge held that the deed from John Greenwood conveyed a fee-simple title to Thomas J. Greenwood, and rendered judgment against him, compelling him to take the land and pay the purchase price — full value for the land, and in good faith he made valuable improvements on the land. "That the defendant, ever since 15 August, 1907, has been in the actual exclusive possession of the lands described in the complaint, under known and visible lines and boundaries, and under colorable title, for more than 7 years prior to the commencement of this suit, said possession having extended continuously from 15 August, 1909, until the commencement of this action, and the summons in this action not having been issued until 15 July, 1924; the said possession has been adverse to all persons, and this defendant has exercised every act of ownership over it of which it was susceptible, and had no intimation or suggestion that any other persons asserted any claim or right to the same until just a few days before the summons was issued the plaintiff, Chess Triplett, informed this defendant that he was going to bring suit to recover." (C. S., 428.)
The issue submitted to the jury and their answer thereto, was as follows:
"Is the plaintiffs' cause of action barred by the statute of limitations? Answer: `Yes.'" *Page 695 
There was judgment upon the verdict, as follows:
"It is therefore, ordered and adjudged that the plaintiffs are not the owners in fee and are not entitled to recover the lands described in the complaint, and that the defendant is not in the wrongful or unlawful possession thereof; and the plaintiffs and the surety on their prosecution bond are adjudged to pay the costs to be taxed by the clerk."
Many exceptions and assignments of error were made in the court below by plaintiffs and appeal taken to the Supreme Court.
We have heard the oral arguments in this case. We have examined the record carefully, the charge of the court below, and the able briefs of counsel. We have gone carefully over the assignments of error, and, on the entire record, we can find no prejudicial or reversible error.
No error.